## NATIONAL MINES CORP. *v.* CARYL, TAX COMMIS-
## SIONER OF WEST VIRGINIA

No. 89–337. Decided June 28, 1990

PER CURIAM.

Petitioner National Mines Corp. (National) is principally engaged in the business of producing and selling coal. Among its other activities, National mines coal in Kentucky and Pennsylvania and sells it wholesale in West Virginia. During the period relevant here, West Virginia imposed a gross receipts tax on wholesale sales of tangible property. W. Va. Code § 11–13–2c (1983). Local producers were subject to taxes on their production activities, but exempt from the tax on wholesale activities. § 11–13–2.

On December 22, 1980, the State Tax Department of West Virginia assessed $475,345.02 in business and occupation tax (plus interest and penalties) for the period January 1, 1975, through December 31, 1979, on National's wholesale sales of coal in West Virginia. National filed a petition for reassessment, asserting that the tax violated the Due Process Clause

of the Fourteenth Amendment and the Commerce Clause of the Federal Constitution. The State Tax Commissioner upheld the assessment, concluding that the tax was fairly apportioned, that the measure of the tax was reasonably related to the benefits conferred by the State, and that the tax did not discriminate against interstate commerce.

A few days before National appealed to the State Circuit Court, this Court issued its opinion in *Armco Inc.* v. *Hardesty*, 467 U. S. 638 (1984), which held that the West Virginia business and occupation tax sought to be collected from petitioner was unconstitutional. National's action was held in abeyance while the West Virginia Supreme Court of Appeals considered a similar challenge to the state tax in light of *Armco*. See *Ashland Oil, Inc.* v. *Rose*, 177 W. Va. 20, 350 S. E. 2d 531 (1986). After analyzing the retroactivity of *Armco* under a state-law test that it considered to "follow closely the analysis employed by the United States Supreme Court in *Chevron Oil Co.* v. *Huson*, 404 U. S. 97, 106–107 (1971)," 177 W. Va., at 23, n. 6, 350 S. E. 2d, at 534, n. 6, the court concluded that *Armco* applied prospectively only. The State Supreme Court thus permitted the State to collect the gross receipts taxes due for fiscal years prior to the date of decision in *Armco*. 177 W. Va., at 25–26, 350 S. E. 2d, at 536–537.

The State Circuit Court in this case followed *Ashland Oil* to uphold the State's collection of the assessed taxes. The West Virginia Supreme Court of Appeals refused to consider National's petition for appeal.

In its petition for certiorari to this Court, National contends, among other claims, that the state court erred in following *Ashland Oil*'s nonretroactivity decision and allowing the State to enforce an unconstitutional tax statute. We agree. For the reasons stated today in *Ashland Oil, Inc.* v. *Caryl*, *ante*, p. 916, we hold that *Armco* applies retroactively under the reasoning of either the plurality or the dissent in *American Trucking Assns., Inc.* v. *Smith*, 496 U. S. 167

(1990). Because the State Circuit Court failed to consider the constitutionality of the taxes assessed against National in light of our decision in *Armco*, we grant the petition for certiorari, reverse the judgment of the State Circuit Court, and remand for further proceedings not inconsistent with this opinion.

*It is so ordered.*